BEAVERS v. YEATMAN-GRAY-ADAMS GROCER COMPANY.

Opinion delivered September 29, 1930.

*S. W. Woods,* for appellant.

*H. J. Denton* and *J. H. Black,* for appellee.

HUMPHREYS, J. Appellant brought this suit against appellees in the circuit court of Marion County to recover the value of one black mare mule, one Springfield wagon and one set of double harness, which were seized and sold by the sheriff and his deputy, two of the appellees herein, under a writ of attachment issued out of the court of

H. F. Wood, a justice of the peace in said county, in an attachment proceeding in which Yeatman-Gray-Adams Grocery Company, one of the appellees herein, was plaintiff, and E. E. Beavers, the father of appellant, was defendant, alleging as ground for recovery that the property seized and sold was his and not his father's.

Appellees filed an answer denying appellant's ownership of the property, and the issue thus joined was submitted to a jury, under correct instructions, resulting in a verdict for appellees and a consequent judgment dismissing appellant's complaint, from which is this appeal.

Appellant contends for a reversal of the judgment upon the ground that the undisputed proof disclosed that he was the owner of the property. This conclusion is reached by appellant because he and his father testified that he bought the property in question, or the major part thereof, from his father and paid him cash therefor. It is true both testified that in 1926 he bought the major portion of the property from his father with money which he procured from the sale of a cotton crop and cattle which he raised while living with his father. There are circumstances, however, in the record showing that the property belonged to his father, and that the sale was merely a pretended one to defeat his father's creditors, some of which will now be referred to. Prior to the attachment proceeding, both appellant and his father had gone to Oklahoma, appellant leaving first. When appellant's father left, he turned the property in question over to a third party in whose care it was at the time it was attached. After the property was levied upon, appellant and his father returned, but neither informed the sheriff that the property belonged to appellant. Appellant's father filed an answer in the attachment proceeding, but made no claim therein that the property belonged to his son. Appellant did not intervene in the attachment proceeding and claim the property, nor did he replevy same from the sheriff or forbid the sale thereof, although it was retained by the sheriff after seizure for fifty days

before it was sold. Appellant and his father testified in the attachment proceeding that the property belonged to appellant, and this was the extent of any effort made by him to regain the property. Appellant did not even bring this suit for damages until more than a year after the sheriff sold the property under the attachment proceeding. The jury had a right to consider this conduct on his part in weighing the testimony of his father and himself relative to the ownership thereof. It is true appellant had a right under the law to bring the suit for the value of the property instead of intervening in the attachment suit or instead of bringing an action in replevin before the sale thereof, but, notwithstanding this right, the course he pursued was out of the ordinary, and, we think, a very strong circumstance tending to show that the sale of the property by his father to appellant was not a *bona fide* sale.

We are unable to say after a very careful reading of the testimony that the verdict and judgment are unsupported by any substantial evidence.

No error appearing, the judgment is affirmed.